LOEWI, Respondent, v. LANDEKER, Appellant. (Supreme Court, Appellate Division, First Department. April 13, 1911.) Action by Joseph Loewi against Adolph H. Landeker. S. McLanahan, for appellant. E. E. Spiegelberg, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

McLAUGHLIN, J., dissents.

LONDON REALTY CO., Appellant, v. OELSNER, Respondent. (Supreme Court, Appellate Division, First Department. March 10, 1911.) Action by the London Realty Company against Rudolph Oelsner. J. R. Schiff, for appellant. B. L. Kraus, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

LOSIE, Appellant, v. DELAWARE & H. CO., Respondent. (Supreme Court, Appellate Division, Third Department. March 23, 1911.) Action by Louie B. Losie, as administratrix, etc., of Chauncey B. Losie, deceased, against the Delaware & Hudson Company. No opinion. Motion denied. See, also, 126 N. Y. Supp. 871.

LOWTHER v. RADER et al. (Supreme Court, Appellate Division, First Department. March 31, 1911.) Action by Clarence L. Lowther against William H. Rader and others. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed. See, also, 140 App. Div. 907, 125 N. Y. Supp. 1129.

LUCE, Respondent, v. NIAGARA ELECTRO–CHEMICAL CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 22, 1911.) Action by Albert Luce against the Niagara Electro-Chemical Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless the plaintiff shall within 20 days stipulate to reduce the verdict to the sum of $2,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party.

LUDWIG et al. v. GOLDENBERG et al. (Supreme Court, Appellate Term. February, 1911.) Appeal from Municipal Court, Borough of Manhattan, Fifth District. Action by Frederick Ludwig and another, as executors of George Mouter, deceased, against Leon Goldenberg and another, composing the firm of Goldenberg & Cohen. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered. Einstein, Townsend & Guiterman, for appellants. Oscar Englander (Louis Kunen, of counsel), for respondents.

BIJUR, J. Plaintiffs, executors of one Mouter, deceased, sued defendants for $300, being the balance of contract price for setting stones in a doorway. The defense was, in substance, that the stones were cracked, and that, therefore, the contract had not been performed. One of the plaintiffs testified that he had had a conversation with one of the defendants, at which plaintiff asked for the payment of the $300; that said defendant thereupon promised to pay $150 immediately and the remaining $150 as soon as the cracks in the stones were repaired. This conversation was not denied. Plaintiffs claim that it amounts to an account stated. Defendant's testimony on this point was as to two conversations with the deceased, in which the deceased is alleged to have said that he would *replace* the broken stones. Defendant's first testimony as to the first conversation with the deceased was given in reply to the question, "What did you do with reference to their [the stones'] condition?" The answer above related was, of course, not responsive. Plaintiffs' counsel, however, made no objection to the incompetency of the testimony, until eight or ten questions further along, when defendant was asked whether he had had another conversation with Mouter. After that question was answered, plaintiffs' counsel moved "to strike out the conversations with Mr. Mouter, who. is dead." I think the objection sufficiently pointed out the intention to raise the incompetency of the testimony under section 829, Code Civ. Proc.; but I am seriously in doubt whether plaintiff did not waive the objection by not making it when the last question was asked, and before it was answered, and by waiting too long after the first question had been answered. A little further on, however, the witness was asked whether he had a conversation with Mouter when the latter's wife and daughter were present. Immediate objection to this was taken; but the court said: "I will allow the witness to testify to any conversation that had in the presence of his wife and daughter." This was error, and was duly excepted to. There is no qualification of the inhibition of section 829, which renders testimony of a conversation with a deceased person competent, because merely of the presence of third persons. That rule has application only to confidential communications, as between attorney and client, and then only because the presence of third parties is proof that the conversations were not confidential. It is true that plaintiff cannot be said to have proved performance of his contract, since he admitted that the stones were broken almost immediately after they had been set; but his uncontradicted testimony as to the conversation with the defendant probably proved at least an acceptance. The judgment in favor of the defendants would scarcely seem to be warranted, except upon consideration of the incompetent testimony above referred to, and at least a substantial part of it was duly objected to in time. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY and PAGE, JJ., concur in the result.